**PUBLIC VERSION**

1  KENDALL BRILL & KELLY LLP
   Alan Jay Weil (63153)
2  Shauna E. Woods (300339)
   10100 Santa Monica Blvd., Suite 1725
3  Los Angeles, California 90067
   Telephone:   310.556.2700
4  Facsimile:   310.556.2705
   *aweil@kbkfirm.com*
5  *swoods@kbkfirm.com*

6  Margaret A. Esquenet (*pro hac vice* in process)
   Email: margaret.esquenet@finnegan.com
7  Anna B. Naydonov (*pro hac vice* in process)
   Email: anna.naydonov@finnegan.com
8  FINNEGAN, HENDERSON, FARABOW,
     GARRETT & DUNNER, LLP
9  901 New York Avenue, NW
10 Washington, D.C.  20001-4413
   Telephone:    (202) 408-4000
11 Facsimile:    (202) 408-4400

12 Nicholas D. Petrella (299194)
   Email: nicholas.petrella@finnegan.com
13 FINNEGAN, HENDERSON, FARABOW,
     GARRETT & DUNNER, LLP
14 Stanford Research Park
   3300 Hillview Avenue
15 Palo Alto, CA 94304-1203
   Telephone:    (650) 849-6600
16 Facsimile:    (650) 849-6666

17
18 *Attorneys for Defendant*
   *Bethesda Softworks LLC*

19           **UNITED STATES DISTRICT COURT**
20        **NORTHERN DISTRICT OF CALIFORNIA**
              **OAKLAND DIVISION**
21
22 ALEX MEYER, individually and on behalf of all       CASE NO: 4:19cv00820
   others similarly situated,
23                                                      **NOTICE OF REMOVAL**
              Plaintiff,                                *PUBLIC VERSION*
24
                 v.                                     Trial Date:  None Set
25
   BETHESDA SOFTWORKS LLC D/B/A
26 BETHESDA GAME STUDIOS, a Delaware
   corporation
27
              Defendant.
28

603161637.1

**PUBLIC VERSION**

PLEASE TAKE NOTICE that defendant Bethesda Softworks LLC ("Bethesda") removes the above-captioned action from the Superior Court of California for the County of Alameda, where the action captioned *Meyer v. Bethesda Softworks LLC*, RG 19002237 is now pending, to the United States District Court for the Northern District of California, Oakland Division. This civil action is removed on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1453. For the reasons set forth below, this Court has subject matter jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), codified in part at 28 U.S.C. §§ 1332 and 1453.

## I.    INTRODUCTION

1.    Plaintiff Alex Meyer commenced this action by filing a complaint in the Superior Court of California for the County of Alameda.

2.    Service of the complaint occurred on January 14, 2019.

3.    On February 5, 2019, Meyer filed and served on Bethesda's counsel his First Amended Complaint. True and correct copies of the Complaint, First Amended Complaint ("FAC"), all pleadings, and state court orders are attached as Exhibit A.

4.    Promptly upon filing this notice, Bethesda will give notice of removal to Meyer through his counsel of record and the Clerk of the Alameda Superior Court, as required by 28 U.S.C. § 1446(d).

5.    No admission of liability, fact, or law is made by this notice of removal. Bethesda reserves all of its defenses, arguments, and objections. Bethesda does not waive, and expressly reserves, all rights to challenge class allegations and class certification.

## II.    THE NOTICE OF REMOVAL IS TIMELY

6.    Bethesda timely filed this notice of removal within 30 days of the service of the original complaint, which occurred on January 14, 2019. 28 U.S.C. § 1446(b)(1).

## III.    THIS COURT HAS JURISDICTION UNDER CAFA

7.    This action is styled as a putative class action. *See* FAC ¶¶ 26-28.

8.    This Court has original jurisdiction over this action under CAFA. 28 U.S.C. § 1332(d). CAFA grants federal district courts original jurisdiction over class action cases filed under federal or state law where any member of the alleged class of plaintiffs is a citizen of a state

1  different from any defendant and the amount in controversy for the putative class exceeds

2  $5,000,000, exclusive of interests and costs.  *Id.*  As discussed below, this action meets all the

3  requirements for removal under CAFA.

4  **A.  Minimal Diversity Exists**

5  9.      Minimal diversity exists under CAFA where any plaintiff, or a prospective class-

6  member, is diverse from any defendant.  28 U.S.C. § 1332(d)(A).

7  10.      The FAC alleges that Meyer is a "California resident who resides in Cameron Park,

8  California."  FAC ¶ 11.

9  11.      Bethesda is a Delaware corporation with its primary place of business at 1370 Piccard

10  Drive, Rockville, Maryland 20850.

11  12.      The FAC seeks to represent a "nationwide class of individuals who purchased

12  [Bethesda's] Power Armor Edition" product.  FAC ¶ 1.

13  13.      The FAC also seeks to represent a "proposed Sub-Class comprised of all other

14  similarly situated individuals in California who purchased the Power Armor Edition."  FAC ¶ 2.

15  14.      Because at least one plaintiff is a citizen of a state different from Bethesda, the

16  minimal diversity requirement under CAFA is met.

17  **B.  The Putative Class Includes at Least 100 Members**

18  15.      CAFA requires at least 100 members in the putative class.  28 U.S.C. § 1332(d)(5).

19  16.      Here, the FAC alleges that "potential members of the Classes as defined are so

20  numerous and so diversely located that joinder of all members of the Classes is impracticable."  FAC

21  ¶ 28.

22  17.      More than 100 individuals have purchased the Power Armor Edition during the

23  alleged class period (June 10, 2018-November 29, 2018).

24  18.      The CAFA requirements for a prospective class of over 100 members are thus met.

25  **C.  The Amount in Controversy Exceeds $ 5,000,000**

26  19.      CAFA allows for removal of class actions where the aggregate amount in controversy

27  for all potential class members exceeds $ 5 million.

28  20.      Meyer failed to allege the total amount in controversy in his original complaint.

21.     Once notified by Bethesda's counsel that Bethesda plans to seek removal of the case to this Court, Meyer filed his FAC with a conclusory allegation that "[t]he amount in controversy for Plaintiff, individual Class Members, and individual California Sub-Class Members, in the aggregate, is less than $5,000,000."  FAC ¶ 9.

22.     Plaintiff's attempted stipulation (to avoid removal under CAFA), although "tie[s]" Meyer's hands with respect to the damages sought, does not resolve the amount-in-controversy question because Meyer cannot bind the rest of the alleged class.  *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 593, 596 (2013) (rejecting stipulation in the complaint that "Plaintiff and Class stipulate they will seek to recover total aggregate damages of less than five million dollars"; "Because his precertification stipulation does not bind anyone but himself, Knowles has not reduced the value of the putative class members' claims").

23.     "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014).

24.     Here, Bethesda denies any liability, wrongdoing, or that any monetary or other recovery is proper.  That said, the total potential exposure for damages, other monetary recovery, and attorneys' fees, on an aggregate, class-wide basis, meets the jurisdictional minimum of $5 million.

25.     The case centers on Bethesda's FALLOUT® 76 Power Armor Collector's Edition product which included an access code to the premium Tricentennial Edition of the video game; a wearable T-51b Power Armor Helmet with an operational headlamp, voice modulator, and a storage bag; a glow-in-the-dark FALLOUT® 76 map; and twenty-four physical game pieces.  There were also other enticements to purchase the Power Armor Edition, including the possibility to participate in the B.E.T.A. early access period and 500 in-game Atoms (a form of in-game virtual currency). The Power Armor Edition product retails for around $200.

26.     The class members, Meyer claims, "were deceived and induced into purchasing the Power Armor Edition" and allegedly paid a "premium for the Power Armor Edition because, at least

1    in part," Bethesda allegedly advertised the Power Armor Edition to include a canvas storage bag for

2    the helmet but provided a nylon storage bag.  FAC ¶¶ 23, 32.

3          27.    During the June 10, 2018-November 29, 2018 alleged class period, Bethesda sold

4    around ████████████████████████████████████████████████████████████

5    ████████████████████████████████████████████████ units of the Power Armor Edition

6    in the U.S.  Total gross sales for the Power Armor Edition product have thus totaled over ████

7    ████████████████████████████████████████████████████████████████████

8    ████████████████████████████████.

9          28.    Meyer seeks "damages" for the alleged class members "in the amount of their actual

10    losses" and "all monies paid by [the alleged class members] attributable to the difference in value

11    between the advertised canvas duffel bag and the supplied nylon bag" in the Power Armor Edition

12    product.  FAC ¶¶ 43, Prayer for Relief (C).

13          29.    Meyer further alleges that "Plaintiff and Class members would not have purchased

14    the Power Armor Edition and/or would not have paid a price premium therefore, if the true facts had

15    been known to them regarding the falsity of the Canvas Duffel Bag representation."  FAC ¶ 34.

16          30.    Meyer also seeks to "disgorge *all profits* and gains [Bethesda] has reaped through its

17    [allegedly] unlawful, unfair, and/or fraudulent acts and practices and restore such profits and gains to

18    Plaintiff and California Sub-Class Members."  FAC ¶ 50 (emphasis added).

19          31.    Separately, Meyer seeks "restitution to Plaintiff and each member of the California

20    Sub-Class … of *all sums* [allegedly] unlawfully collected by Defendant from the Plaintiff and other

21    members of the California Sub-Class."  FAC, Prayer for Relief (E) (emphasis added).

22          32.    Although Bethesda believes the type of material for a helmet storage bag creates "no

23    difference in value" for a reasonable consumer of the Power Armor Edition product, Meyer's

24    complaint alleges that "Plaintiff and Class members would not have purchased the Power Armor

25    Edition" (i.e., would not have paid $200 at all) had they known they would receive a nylon storage

26    bag.  Moreover, the alleged unquantified "value" may differ from consumer to consumer.  Further

27    still, Meyer seeks to "disgorge all profits" (not expressly limited to the profits in connection with the

28    bag) for the Power Armor Edition product.  Accordingly, at this stage, the appropriate measure for

**PUBLIC VERSION**

1  the amount in controversy (not including attorneys' fees and/or any other relief Meyer may seek) are

2  the overall sales for the Power Armor Edition Product, which exceed the $5 million jurisdictional

3  minimum.

4        33.    Indeed, there is an earlier-filed putative class action titled *Spasovski v. Bethesda*

5  *Softworks LLC*, 8:18-cv-03955-GJH, which is currently pending before the U.S. District Court for

6  the District of Maryland and involves substantially identical claims, i.e., that "Bethesda's marketing

7  and advertisement of the Power Armor Package (depicting a canvas carrying bag and expressly

8  stating that the carrying bag was canvas) deceived Plaintiff and the other members of the Class and

9  induced them into purchasing a product they otherwise would not have" and "caused Plaintiff and

10  members of the Class (defined below) to pay more for the Power Armor package than they otherwise

11  would have." *See* Exhibit B, Complaint ¶¶ 1, 13.

12        34.    In the *Spasovski* putative class action case, the plaintiff asserts that the U.S. District

13  Court for the District of Maryland "has subject matter jurisdiction pursuant to 28 U.S.C. §

14  1332(d)(2) because the matter in controversy, upon information and belief, exceeds $5,000,000,

15  exclusive of interest and costs." *Id.* at ¶ 4.

16        35.    Because all of the CAFA requirements are met, removal to this Court is proper.

17  **IV.    CONCLUSION**

18        WHEREFORE, having provided notice as required by law, this action should be removed

19  from the Superior Court of California for the County of Alameda to this Court.

20

21  Dated: February 14, 2019                    KENDALL BRILL & KELLY LLP

22

23  By: _____

24        Alan Jay Weil
        *Attorneys for Defendant*
        *Bethesda Softworks LLC*

25

26

27

28

NOTICE OF REMOVAL *PUBLIC VERSION*