UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ALEX MEYER,

    Plaintiff,

v.

BETHESDA SOFTWORKS, LLC,

    Defendant.

Case No. 19-cv-00820-RS

**ORDER GRANTING MOTION TO REMAND**

Plaintiff filed this putative class action in Alameda County Superior Court, seeking to represent consumers who purchased a video game and related items from defendant Bethesda Softworks, LLC known as "Fallout 76 Power Armor Edition." According to the complaint, the video game "bundle" contained a premium version of the video game, "a wearable T-5b Power Armor Helmet with an operational headlamp, voice modulator, and a storage bag; a glow-in-the-dark FALLOUT® 76 map; and twenty four physical game pieces." The issue is that the storage/duffle bag was advertised as being made of canvas, but many consumers instead received an allegedly cheaper nylon bag.

Based on the alleged misrepresentation as to the material of the duffle bag, plaintiff advances three claims for relief: negligent misrepresentation, violation of California's False Advertising Law ("FAL"), and violations of California's Unfair Competition Law ("UCL"). The complaint seeks restitution measured by the alleged difference in value between the canvas duffel bag supposedly advertised and the nylon bag supplied.

Bethesda Softworks removed the action to this court alleging jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). The parties' dispute as to whether removal jurisdiction exists is straight-forward. In plaintiff's view, he is seeking to recover only the difference in value between a nylon bag and a canvas bag. Multiplying that delta by the number of game bundles sold falls far short of the $5 million jurisdictional minimum under CAFA, even assuming a recovery of attorney fees.[1]

Plaintiff's motion to remand has been submitted for decision without oral argument, pursuant to Civil Local Rule 7-1(b). Briefing on Bethesda's motions to dismiss and to transfer venue was suspended pending resolution of the remand issue.

Bethesda contends removal was proper because the complaint could be read to seek *rescission* of the sales, and multiplying the approximately $200 unit sales price by the number of sales would satisfy the jurisdictional minimum, even assuming not all class members would elect to rescind. Bethesda further argues that regardless of how the complaint should be read, plaintiff may not defeat removal jurisdiction by arguing he will forgo recovery beyond the statutory minimum. Bethesda relies on *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588 (2013) for the proposition that a named plaintiff in a putative class action cannot avoid CAFA jurisdiction by stipulating, "prior to certification of the class, that he, and the class he seeks to represent, will not seek damages that exceed $5 million in total." *Id.* at 590.

*Knowles* is not dispositive here. Plaintiff is not merely stipulating he will not pursue recovery exceeding $5 million. Rather, he argues he has not pleaded, and will not plead, a claim for rescission that would result in a refund to putative class members of the whole purchase price. Moreover, plaintiff persuasively argues the facts would not support a claim for rescission resulting in a refund to putative class members of the entire purchase price. Even assuming there is some theoretical possibility a purchaser could and would wish to seek to return the "Fallout 76 Power

---

[1] The parties have filed sealing motions to prevent public disclosure of the precise sales data. Good cause appearing, those motions are granted.

Armor Edition" for a full refund based on the fact that storage/duffle bag was made of nylon rather than canvas, there is no reason to believe the class claim should be interpreted as including such relief, or that the "opt out" provisions applicable should a class be certified are insufficient to address any such issue. While a class action plaintiff may not have unfettered discretion to define the amount in controversy, a defendant may not generate the jurisdictional minimum by relying on theoretical claims that would barely cross the threshold of frivolousness, if at all.

It is far from clear the claims plaintiff advances are likely to have merit. Even assuming they might, however, plaintiff should not be prejudiced by his choice not to stretch even further and seek rescission of the full purchase prices, based on whatever small difference in value there might be in one minor accessory included in the bundle as delivered, compared to the bundle as allegedly promised.[2]

Accordingly, plaintiffs' motion to remand to Alameda County Superior Court is granted. The motion to dismiss and the motion to transfer are denied as moot. The various motions to seal are granted; however, as reflected above, nothing in this order turns on material submitted under seal.

**IT IS SO ORDERED**.

Dated: June 17, 2019

RICHARD SEEBORG
United States District Judge

---

[2] While it is not technically relevant to the question of whether the jurisdictional amount in controversy is met, the record suggests any putative class member who wants a canvas bag will be able to obtain one from Bethesda, albeit on a delayed basis and only after a further request.

CASE NO. 19-cv-00820-RS

3